**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JOSE MIGUEL ZAVALA MEDINA, | ) | 3:26-CV-1978 |
| Petitioner, | ) | |
| v. | ) | |
| LEONARD ODDO; *et al.*, | ) | |
| Respondents. | ) | |

**ORDER**

Petitioner Jose Miguel Zavala-Medina, a citizen of Mexico, brings a habeas corpus petition (ECF 1) before this Court seeking immediate release or, in the alternative, an individualized bond hearing. Mr. Zavala Medina has been detained at Moshannon Valley Processing Center since July 15, 2025. ECF 1, ¶ 3. Both parties agree that Mr. Zavala Medina is being held pursuant to 8 U.S.C. § 1226(c). Mr. Zavala Medina has now spent more than 16 months in immigration custody. For 13 of those months, Mr. Zavala Medina has had an appeal of his Cancellation of Removal Denial pending before the Board of Immigration Appeals. ECF 1, ¶ 20.

When a noncitizen's detention under Section 1226(c) becomes unreasonable, Third Circuit precedent requires that the noncitizen be granted a bond hearing where the government must justify continued detention with clear and convincing evidence. *German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203, 206 (3d Cir. 2020). Whether a detention has become unreasonable depends in large part on the length of the detention, viewed in the context of all relevant circumstances. *Id.* at 211.

Having considered the length of Mr. Zavala Medina 16-month detention, as well as the high likelihood that detention will continue given his pending appeal and

possible further appeals, the Court concludes that his detention has become unreasonable. The Court will therefore conditionally grant Mr. Zavala Medina's petition for habeas corpus and order Respondents to provide him with a bond hearing at which the government must show Mr. Zavala Medina's continued detention is justified by clear and convincing evidence.

## I. The *German Santos* factors favor Mr. Zavala Medina.

In a *German Santos* analysis, courts assess whether a detention has become unreasonable using four principal factors: (1) "the duration of detention"; (2) "whether the detention is likely to continue"; (3) the reasons for any delay, "such as a detainee's request for continuances"; and (4) whether the noncitizen's conditions of confinement are "meaningfully different" from criminal punishment. *Id.* at 210–11.

Duration of detention, the "most important" factor, strongly favors Mr. Zavala Medina. *Id.* at 211. While there is no bright-line threshold for when a detention becomes unreasonably long, the Third Circuit has noted that the government "decisive[ly] los[t]" this factor where the petitioner was detained for more than 16 months. *Michelin v. Warden Moshannon Valley Corr. Ctr.*, 169 F.4th 418, 434 (3d Cir. 2026). That's precisely the case here.

The second factor, whether "removal proceedings are likely to end soon," also favors Mr. Zavala Medina. *German Santos*, 965 F.3d at 210–11. In *German Santos*, the Third Circuit found this factor "strongly" supported a finding of unreasonableness where the petitioner had reserved his rights to appeal to the BIA and would have another right to appeal to the Third Circuit afterward. 965 F.3d at 212. Here, Mr. Zavala Medina has already filed his appeal before the BIA, but there's nothing suggesting it will be resolved soon. And Mr. Zavala Medina would still have a right to appeal to the Third Circuit. 8 U.S.C. § 1252.

The third factor, the reason for delay, is neutral. While a detainee's request for continuances will cut against unreasonableness, delay caused by his pending

appeal will not. *Id.* at 211 ("[W]e do not hold an alien's good-faith challenge to his removal against him, even if his appeals or applications for relief have drawn out the proceedings."). Likewise, good-faith legal errors will not be held against the government; but detention "can still grow unreasonable even if the Government handles the removal proceedings reasonably." *Id.*

Here, Mr. Zavala Medina can only be faulted for a three-week delay in his BIA appeal. ECF 8-2, at 32. This is a minuscule period in Mr. Zavala Medina's overall detention. However, there isn't any "carelessness or bad faith" to hold against the government. *German Santos*, 965 F.3d at 212.

Finally, the fourth factor, whether the noncitizen's civil detention is "meaningfully different" from criminal punishment, is also neutral *Id.* (citation modified). "District Courts in [this] Circuit have recognized the conditions at Moshannon are penal in nature." *Michelin v. Warden Moshannon Valley Corr. Ctr.*, 169 F.4th 418, 434 (3d Cir. 2026) (citation modified). Indeed, MVPC was "once a private facility that contracted with the Federal Bureau of Prisons to house federal prisoners," *Miller v. Mannion*, 1:22-CV-00840, 2022 WL 3044650, at *1 n. 1 (M.D. Pa. July 11, 2022), and "the physical facility at Moshannon . . . is unlikely to have changed much since it expressly was a criminal detention center." *Rivas v. Oddo*, No. 3:22-cv-223, 2023 WL 4361140, *2 (W.D. Pa. Jun. 27, 2023) (Gibson, J.). But Mr. Zavala Medina doesn't allege any specifics of *his* detention that make it appear penal.

Taken together, the *German Santos* factors indicate that Mr. Zavala Medina's detention has become unreasonable. His detention has lasted more than 16 months, and there is no obvious end in sight. He is therefore entitled to an individualized determination of whether continued detention is necessary to mitigate flight risk or danger to the community. At that bond hearing, the government must bear the burden of proving by clear and convincing evidence that continued detention is necessary. *German Santos*, 965 F.3d at 21.

## II. Mr. Zavala Medina is not entitled to immediate release based on *ICWC*.

While Mr. Zavala Medina is entitled to the bond hearing prescribed in *German Santos*, he argues that he's entitled to immediate release because he belongs to a class of detainees for which immigration proceedings were stayed in *Immigration Center for Women & Children v. Noem*, 351 F.R.D. 324 (C.D. Cal. May 20, 2026), *appeal docketed*, No. 26-3961 (9th Cir. June 22, 2026)). The Court disagrees.

"Litigation in [*ICWC*] remains ongoing," and there is an appeal pending before the Ninth Circuit. *Rodrigues v. Lynch*, No. 1:26-CV-2319, 2026 WL 2520313, at *2 (W.D. Mich. Aug. 26, 2026). Indeed, "most district court courts have expressly found *ICWC* does not apply outside the Central District of California." *Kumstis v. Figueroa*, No. CIV-26-1724-G, 2026 WL 3169681, at *5 (W.D. Okla. Oct. 22, 2026) (R&R) (collecting cases). "Under these circumstances, at this time, this non-binding case does not present a basis for relief in this habeas action." *Id.*

More generally, "[a] pending U-visa application does not, standing alone, confer lawful immigration status, prevent enforcement of a final order of removal, or create a statutory entitlement to release from custody." *Flores v. Blanche*, No. CV 26-5446, 2026 WL 2069995, at *2 (D.N.J. July 17, 2026).

## III. Conclusion.

For the foregoing reasons, Mr. Zavala Medina's petition will be granted, subject to the conditions contained in an Order to follow.

DATED this 24th day of November, 2026.

BY THE COURT:

/s/ J. Nicholas Ranjan
United States District Judge